# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

April 30, 2020

LETTER TO COUNSEL

RE:     *Curtis W. v. Commissioner, Social Security Administration*
        Civil No. DLB-19-2711

Dear Plaintiff and Counsel:

On July 31, 2019, Plaintiff filed a complaint, *pro se*, contesting actions by the Social Security Administration ("SSA").[1]  ECF No. 1.  On February 11, 2020, the Commissioner filed a motion to dismiss for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies.  ECF No. 16.  In support of its motion, the Commissioner submitted a declaration of Torey Pugh, Deputy Operations Manager in the Mid-Atlantic Program Service Center of the SSA, and supporting documentation.  ECF No. 16-2, Declaration ("Pugh Decl.").  This case is before me on consent of the parties.  ECF Nos. 5, 19.  I have carefully reviewed the parties' filings, including Plaintiff's complaint, motion for summary judgment,[2] and opposition to the Commissioner's motion to dismiss.  ECF Nos. 1, 7, 21.  No hearing is necessary.  Loc. R. 105.6 (D. Md. 2018).  For the reasons set forth below, the Commissioner's motion to dismiss is granted.

## I.     BACKGROUND

Plaintiff applied for Social Security retirement benefits on September 18, 2018.  Pugh Decl. ¶ 4.  In an October 1, 2018 letter, the SSA notified Plaintiff that he was entitled to benefits beginning March 2018.  *Id.* ¶ 5.  The SSA subsequently received notification that Plaintiff had been incarcerated from September 8, 2017 to September 7, 2018.  *Id.* ¶¶ 7, 8, 11.  The Commissioner and Plaintiff agree that Plaintiff was released from prison on September 7, 2018.[3]  *See* ECF Nos. 1, 16.  In a January 1, 2019 letter, the SSA notified Plaintiff that he could not be paid benefits beginning March 2018 because records showed that he was confined beginning September 8, 2017, and that Plaintiff had received an

---

[1] Plaintiff first filed his complaint in the United States District Court for the District of Columbia.  ECF No. 1. His case was transferred to the District of Maryland on August 30, 2019.  ECF No. 3.

[2] Plaintiff filed a motion for summary judgment on October 10, 2019.  ECF No. 7.  Judge Chasanow denied the motion without prejudice as premature because Plaintiff filed it before the SSA was served and filed its answer.  ECF No. 9.  I have nevertheless considered the filing.

[3] In his complaint, Plaintiff wrote that he was released from prison on September 8, 2018, ECF No. 1 at 1, but he attached a court order noting his release on September 7, 2018, *id.* Exh. B.

overpayment. Pugh Decl. ¶ 8.  In a January 28, 2019 letter, the SSA responded to Plaintiff's Request for Reconsideration regarding the suspension of payments due to incarceration, and asked Plaintiff to "please provide proof of the error" so that it could "make the correction." *Id.* ¶ 12.  The SSA sent letters to Plaintiff in February and May 2019 explaining that, although Plaintiff was entitled to benefits beginning October 2018, he would not receive payments until July 2019 because of the overpayment. *Id.* ¶¶ 13-14.  In a July 5, 2019 letter, the SSA notified Plaintiff of his upcoming payments which showed the withholding of Medicare insurance premiums. *Id.* ¶ 16.

The SSA "electronically stored" several filings from Plaintiff protesting both the suspension of payments (and related overpayment) due to incarceration and the withholding of Medicare health insurance premiums. *Id.* ¶¶ 17 (July 17, 2019 filing), 18 (July 31, 2019 filing), 19 (June 11, 2019 filing).[4] On July 31, 2019, Plaintiff filed this civil suit.  ECF No. 1.  In a letter dated August 7, 2019, the SSA sent Plaintiff a "Reconsideration Determination" letter explaining that (1) the SSA found that its decision to suspend payments during the months of Plaintiff's incarceration was correct; (2) the SSA had noted that Plaintiff did not want Medicare Part B coverage; and (3) that it updated Plaintiff's benefit calculations to reflect his military service.  Pugh Decl. ¶ 20, Exh. 18.  The letter included information on how to request a hearing if Plaintiff disagreed with the determination. *Id.*  Plaintiff did not request further review of the SSA's determinations. *Id.* ¶ 24.

Plaintiff does not specify which SSA decision he is appealing.[5]  In his complaint, Plaintiff claims that the SSA wrongfully stopped his payments "without any hearing and any proof," and argues that its decision to suspend his payments was error because he was not incarcerated at the time of filing for retirement benefits.  ECF No. 1 at 1-2; ECF No. 1-1 Exh. B (Court order stating Plaintiff was "released from federal prison on September 7, 2018").  Plaintiff also claims that the SSA wrongfully charged him for Medicare insurance and that the SSA disregarded his veteran status. *Id.* at 2.  He further alleges that the SSA "act[ed] with malice" and that its actions were "an attempt by an agency to exploit the rights of the elderly." *Id.* at 3.  For relief, Plaintiff seeks "$25,000,000.00 million dollars in punitive, and compensatory damage" and a jury trial.[6] *Id.*

In his opposition to the Commissioner's motion to dismiss, Plaintiff argues that he "had been denied the right to have his military service credited befor[e] his payments were computed."  ECF No.

---

[4] It is unclear when the SSA received the document dated June 11, 2019.  The declaration states that it was electronically filed on August 6, 2019. *Id.* ¶ 19.

[5] Plaintiff includes with his complaint three SSA notices: (1) an October 16, 2018 letter informing Plaintiff that it had changed his direct deposit information per his request and that he "will receive $861.00 for October 2018 around November 21, 2018," ECF No. 1-1 Exh. A; (2) a July 2, 2019 letter informing Plaintiff that it again changed his direct deposit information per his request and that it could not make his regular payment on schedule because of the change, and that he "will receive $1,052.00 for July 2019 around August 21, 2019," *id.* Exh. C; and (3) a July 5, 2019 letter explaining that the SSA "would adjust [his payments] for medical insurance premiums," *id.* Exh. D.

[6] The Social Security Act, which gives the Court jurisdiction over Social Security appeals, does not permit money damages and does not provide for jury trials in Social Security appeals. 42 U.S.C. § 405(g).

*Curtis W. v. Commissioner, Social Security Administration*
Civil No. 19-2711-DLB
April 30, 2020
Page 3

21.   Plaintiff included in his motion for summary judgment an August 7, 2019 SSA letter that explained, in relevant part,

> You asked us to take another look at the suspension of your Social Security benefits due to incarceration, the Medicare Part B entitlement and premium amount and including your military service in the calculations of your Social Security benefit amount.
>
> ***
>
> After this review, we found that our first decision regarding the prison suspension months was correct. We have taken action to annotate your record that you DO NOT WANT MEDICARE PART B and we have included your military service in the calculation of your benefit amount (A letter should be received shortly).

ECF No. 7, Exh. C (emphasis in original).[7]   The letter included information about how to request a hearing if Plaintiff thought the SSA was wrong.  *Id.*; *see also* ECF. No. 7, Exh. B (August 15, 2019 letter explaining the change in his benefits to account for his military service and his request to not receive medical insurance under Medicare).

## II.   ANALYSIS

The Commissioner argues that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies.  ECF No. 16.   A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complainant.  *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).   Generally, when a court considers a motion to dismiss for lack of subject matter jurisdiction, it "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding into one for summary judgment."  *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("A trial court may consider evidence by affidavit, depositions, or live testimony.").

A plaintiff carries the burden of establishing subject matter jurisdiction.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *Goldsmith v. Mayor of Balt.*, 845 F.2d 61, 63-64 (4th Cir. 1988)).   However, a *pro se* plaintiff's complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)) (quotation and citation omitted).   *Pro se* filings "however unskillfully pleaded, must be liberally construed."  *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994)

---

[7] Attached to the letter was a two-page explanation of the SSA's suspension of Plaintiff's retirement payments due to incarceration.  ECF No. 7, Exh. C ("Since the [SSA] allows up to six months retroactivity for claimants who file an application after he or she attains Full Retirement Age (FRA), [Plaintiff] is entitled to six months of retroactive benefits taking his date of entitlement back to March 2018.  Since he was confined and convicted for the months March through September 2018, he is not entitled to Social Security benefits for these months.") (citing 20 C.F.R. § 404.468).

*Curtis W. v. Commissioner, Social Security Administration*
Civil No. 19-2711-DLB
April 30, 2020
Page 4

(citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).  Nevertheless, where a plaintiff has failed to exhaust administrative remedies before bringing a claim, the action should be dismissed under Rule 12(b)(1).  *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 607-08 (D. Md. 2003), *aff'd* 85 F. App'x 960 (4th Cir. 2004).

The federal government and its agencies, including SSA, are immune from suit, absent a statute expressly permitting a court to exercise jurisdiction.  *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).  Under the Social Security Act, 42 U.S.C. § 301 *et. seq.*, United States District Courts have the authority to review final decisions of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).  The Act precludes judicial review absent a "final decision." *See Califano v. Sanders*, 430 U.S. 99, 108 (1977).  The remedy provided by 42 U.S.C. § 405(g) is exclusive: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."  42 U.S.C. § 405(h).  SSA regulations define a "final decision" of the Commissioner as an "initial determination" that has been pursued through all steps of the administrative review process.  *See* 20 C.F.R. § 404.900(a).  Indeed, the Supreme Court has long required parties to exhaust administrative remedies before seeking relief from the courts.  *See McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992).  The Social Security administrative review process entails four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge ("ALJ") hearing and decision; and (4) Appeals Council review or denial thereof.  20 C.F.R. § 404.900(a)(1)-(4).  Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review.  20 C.F.R. § 404.900(a)(5).  Appeal of a final decision ordinarily must be "commenced within sixty days after the mailing" to the claimant of notice of the decision.  42 U.S.C. § 405(g).  If the claimant does not pursue administrative appeal rights or does not do so within the time limits set out in the regulations, the administrative determination or decision becomes binding. *See* 20 C.F.R. § 404.905.

The record before me shows that Plaintiff failed to exhaust his administrative remedies.  Although he requested administrative review of the SSA's suspension of his payments, withholding of Medicare health insurance premiums, and failure to account for his military status, Plaintiff did not wait for the SSA's response before filing this civil suit on July 31, 2019.  The SSA addressed Plaintiff's request for reconsideration in an August 7, 2019 letter, which Plaintiff included with his October 10, 2019 filing.  ECF No. 7, Exh. C.  Although Plaintiff does not state that he is satisfied with the SSA's explanation for suspending his payments during his months of incarceration or the handling of his request to not receive Medicare Part B coverage, Plaintiff claims in his opposition to the Commissioner's motion to dismiss only that he "had been denied the right to have his military service credited."  ECF No. 21.  The SSA's August 15, 2019 letter explaining its recalculation of Plaintiff's benefits to account for time spent in the military included information on how to appeal if Plaintiff disagreed with its determination.  ECF No. 7, Exh. B.  If Plaintiff requested administrative review of that determination, he did not do so before filing this suit.  Because Plaintiff did not exhaust his administrative remedies, there is no "final decision" for judicial review.  Absent a "final decision" by the SSA, the Court has no jurisdiction over Plaintiff's claims.  42 U.S.C. § 405(g), (h); *Califano*, 430 U.S. at 108.  Therefore, his complaint should be dismissed for lack of subject matter jurisdiction.

*Curtis W. v. Commissioner, Social Security Administration*
Civil No. 19-2711-DLB
April 30, 2020
Page 5

For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF No. 16, is GRANTED.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge